## (September 30, 1958)

■ CROWELL-COLLIER PUBLISHING COMPANY et al., Appellants, v. SAMUEL JOSEFOWITZ et al., Individually and as Trustees under the FENIA JOSEFOWITZ TRUST, et al., Respondents.— The order insofar as it grants defendants' motion to preclude in the event that plaintiffs fail to produce the documents under section 327 of the Civil Practice Act is too broad. For failure to produce such documents, section 327 provides that the party failing to do so "shall not thereafter be at liberty to put any such document in evidence". It does not preclude the offering of any evidence as is so broadly prohibited by the order appealed from. The reference in the verification of the bill of particulars to "papers and correspondence" is insufficient to warrant an inspection under section 327 of the Civil Practice Act since there is no identification of, or reference to, any particular document or writing upon which plaintiffs intend to rely. The language employed in the verification obviously was intended to state generally the sources of the affiant's information and belief. It is clear that unless the documents sought to be examined are specifically mentioned, the court would find difficulty in determining which documents to

exclude in the event that the party failed to produce them. It seems therefore that the section was meant to apply only to documents specifically mentioned. The notice should, therefore, be vacated insofar as it seeks the inspection of any papers and correspondence, on the basis of the verification to the bill of particulars. However, it was proper to permit inspection of the "report" which was specifically referred to and identified in the affidavit. The objection that it is not stated that the report is in writing should not preclude the direction contemplated in the order, particularly inasmuch as there is no definite statement by the plaintiff that the report referred to was not in writing. Should it be established that the report is not in writing or, if in writing, that it would be improper to force its disclosure, application may be made to vacate the notice for inspection of that document. Order is unanimously modified as indicated herein and, as so modified, affirmed, with $20 costs and disbursements to appellants. Settle order. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.